■ In the Matter of MILDRED SIMON, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Order, Supreme Court, New York County (Biangiardo, J.), entered on June 18, 1980, which granted the application of petitioner-respondent (claimant) to the extent of directing a hearing on the question of whether the claimant had given the respondent-appellant, Motor Vehicle Accident Indemnification Corporation (MVAIC), timely notice that she was not entitled to receive no-fault benefits under her liability policy, unanimously reversed, on the law, without costs or disbursements, and the petition is dismissed. On May 17, 1978, claimant was struck by an uninsured commercial van as she was crossing East 56th Street. The claimant, a resident of the State of New Jersey, was denied coverage by her insurance carrier on the grounds that she "was struck by a truck and trucks are excluded under the New Jersey No-Fault law." This carrier further suggested that claimant file a claim with MVAIC in New York. The threshold question presented, and one not addressed by Special Term, is whether claimant was a "qualified person" as that term is defined in subdivision b of section 601 of the Insurance Law. Pursuant to this statute, a "qualified person" is an individual who is a resident of the State of New York or of a State which grants substantially similar reciprocity to a resident of New York State. The record before this court demonstrates that claimant is not a qualified person. The no-fault statute in the State of New York applies to commercial vehicles, while the statute in the State of New Jersey only applies to passenger cars. Coverage for injuries sustained while being struck by a commercial van are not covered under New Jersey law. Section 621-a of the Insurance Law requires MVAIC to make no-fault payments to "qualified persons" only, and since no reciprocity exists between the States of New York and New Jersey with regard to injuries caused by commercial vehicles, the claimant cannot be deemed a "qualified person." Therefore, no need exists to conduct a hearing to determine the timeliness of this claim and the petitioner's application should have been denied. Concur — Birns, J.P., Ross, Markewich and Fein, JJ.